UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIGUEL ALEJANDRO JARAMILLO,
        Plaintiff,

    v.              7:10-CV-0869
                     (TJM/GHL)
JULIE M. HUTCHINS, LAUREL MCCARTHY,
MATTHEW J. PORTER, SHEILA CROWLEY,

        Defendants.

APPEARANCES

MIGUEL ALEJANDRO JARAMILLO, 14367
Plaintiff *pro se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

GEORGE H. LOWE, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

  The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 3.)

  In his *pro se* complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants, all employees of the Jefferson County Public Defender's office, violated his constitutional rights while serving as his criminal defense attorneys. (Dkt. No. 1.) Specifically, he alleges that Defendants waived his speedy trial rights against his wishes, failed to pursue remedies for the District Attorney's alleged loss of evidence, and failed to speedily bring him before a grand jury. *Id*.

  28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's complaint fails to state a claim. 42 U.S.C. § 1983 permits a person to recover damages from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir.1997). Because Defendants are all employees of the Jefferson County Public Defender's office who were performing a lawyer's traditional functions as counsel to Plaintiff in his criminal proceeding, Plaintiff has failed to state a claim against Defendants under 42 U.S.C. § 1983.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

arguable basis in law and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e).  Because an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it," I recommend that the complaint be dismissed with prejudice.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be dismissed with prejudice for failure to state a claim; and it is further

**RECOMMENDED** that Plaintiff's *in forma pauperis* application (Dkt. No. 3) and letter motion requesting service of his complaint (Dkt. No. 2) be denied as moot, and it is further

**ORDERED**, that the Clerk serve a copy of this Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 5, 2010
       Syracuse, New York

                                        George H. Lowe
                                        United States Magistrate Judge